MEDINA COUNTY BAR ASSOCIATION *v*. LEWIS.

[Cite as *Medina Cty. Bar Assn. v. Lewis*, 121 Ohio St.3d 596, 2009-Ohio-1765.]

*Attorneys at law — Misconduct — Multiple violations of the Rules of Professional Conduct — Forging a judge's signature — One-year suspension from the practice of law.*

(No. 2008-2068 — Submitted January 20, 2009 — Decided April 21, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-015.

_____

**Per Curiam**.

{¶ 1} Respondent, Kenneth J. Lewis of Hinckley, Ohio, Attorney Registration No. 0073002, was admitted to the practice of law in Ohio in 2000. In April 2008, relator, Medina County Bar Association, filed a complaint against respondent alleging that he had forged a judge's signature on a previously time-stamped judgment entry.

{¶ 2} Respondent stipulated to the facts and violations set forth in the complaint, namely Prof.Cond.R. 8.4(b) (prohibiting illegal conduct adversely reflecting on a lawyer's honesty or trustworthiness), 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting conduct prejudicial to the administration of justice), and 8.4(h) (prohibiting conduct adversely reflecting on a lawyer's fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline heard the matter on September 27, 2008, and recommended that respondent's license to practice law be suspended for one year. The board adopted the panel's findings of fact and conclusions of law but not its recommendation, advocating instead a two-year suspension. Respondent filed objections to the board's report, urging a six-month

suspension with all six months stayed. The appropriate sanction to be imposed is the issue now before us.

{¶ 3} Respondent was retained by Danielle Burkhard in 2007 to represent her before the Berea Municipal Court on traffic charges. Of vital importance to Burkhard was the retention of occupational driving privileges. Although the court had a standard form, motions and entries drafted by an attorney were usually accepted.

{¶ 4} Respondent drafted his own motion and judgment entry for driving privileges in Burkhard's case and presented several copies to a court deputy clerk on May 21, 2007. According to respondent, the clerk began to time-stamp the documents, but then handed them back and told respondent to use the standard forms instead. Respondent scheduled a hearing for Burkhard and left.

{¶ 5} On May 25, respondent and Burkhard attended a pretrial. According to respondent, after the pretrial, Burkhard asked about the process of receiving driving privileges. He claims that Burkhard asked, "What does the driving privileges look like?" Respondent admits that he answered her by pulling out the rejected time-stamped judgment entry from four days earlier and, in Burkhard's presence, signing the judge's name to it and giving it to her. Respondent then let Burkhard leave with the document and did not "even think twice about it."

{¶ 6} Burkhard later met with her probation officer and discussed driving privileges. Burkhard gave the officer the judgment entry with the judge's forged signature. The probation officer apparently recognized the signature as a forgery and informed the Berea Municipal Court.

{¶ 7} At the panel hearing, respondent could offer no explanation for his actions. He testified, however, that it was never his intent to make Burkhard believe that she had driving privileges at that time. He attributed his behavior to a "serious lapse of judgment" and expressed shame and remorse for it.

**{¶ 8}** In urging a shorter, stayed suspension, respondent emphasized (1) his full cooperation with the disciplinary process, (2) his lack of any prior disciplinary offenses, (3) the absence of any pattern of misconduct, (4) the admission and recognition of the wrongfulness of his acts, (5) the lack of client harm, and (6) his good reputation in the community. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") 10(B)(2)(a), (b), (d), and (e).

**{¶ 9}** Respondent insisted that his actions lacked a selfish or dishonest motive. He produced an affidavit from Raymond J. Wohl, clerk of courts for Berea Municipal Court, who stated, "Driving privileges are routinely granted in OVI cases, such as Ms. Burkhard's." Respondent argues that the forged instrument did not advance Burkhard's desire for driving privileges. Respondent did not present Burkhard's testimony to corroborate his own.

**{¶ 10}** The panel unanimously found that respondent "was not truthful on the witness stand when he testified that the only reason he forged the Judge's signature was because his client wanted to see what a Judgment Entry granting occupational driving privileges would look like. This explanation is simply not believable."

**{¶ 11}** The board deferred to the panel's credibility determination, as do we. Respondent's lack of credibility coupled with the seriousness of the offense persuades us that an actual rather than a stayed suspension is warranted, and we accept the panel's recommended sanction. Respondent, in the presence of his client, forged a judge's signature on a time-stamped judgment entry and then gave it to the client. In doing so, moreover, respondent, in his own words, did not "think twice about it."

**{¶ 12}** Respondent is hereby suspended from the practice of law for one year. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting**.

{¶ 13} The majority suspends Lewis from practicing law for one year because of the seriousness of his signing a judge's name to an entry without permission and because the majority did not find credible his explanation for the conduct. Because I find Lewis's explanation credible, I believe that a lesser sanction is warranted.

{¶ 14} While our usual practice is to defer to a panel on judging credibility, "[w]e are the ultimate arbiters in disciplinary proceedings." *Cincinnati Bar Assn. v. Powers*, 119 Ohio St.3d 473, 2008-Ohio-4785, 895 N.E.2d 172, ¶ 21. It is undisputed that Lewis scrawled a signature on the judge's signature line of an entry without the judge's permission and that doing so was a violation of the Rules of Professional Conduct. However, I believe Lewis's assertion that he never intended to pass off the entry as genuine.

{¶ 15} Neither Lewis nor the bar association called Lewis's client as a witness at his disciplinary hearing. Lewis testified as follows: At a pretrial hearing on her traffic charges, Lewis's client asked him whether she had driving privileges; he informed her that she did *not* have such privileges. Because his client wanted to see what a document granting driving privileges looked like, Lewis retrieved the proposed driving entry that had been rejected by the clerk's office, scrawled a signature on it, and said, "This is what a driving privileges entry would look like if you had that." He then gave her the entry. While he later recognized that signing the document was a "serious lapse of judgment," Lewis maintained that he never intended his client to believe that the entry was valid and

4

provided her temporary driving privileges. While this explanation, on its face, appears questionable, I believe that the evidence supports Lewis's assertion.

{¶ 16} Even after signing the entry, Lewis arranged hearings, scheduled on several different dates, for the purpose of seeking temporary driving privileges for his client. Ultimately, these hearing dates were canceled at the client's request, and a plea was reached before the issue of temporary driving privileges was resolved. Had Lewis considered the entry valid, there would have been no need for these hearings.

{¶ 17} The signature on the entry bore no resemblance to the judge's actual signature, as evidenced by the fact that Lewis's client's probation officer brought the entry to the attention of municipal court clerk, who launched an investigation that determined the signature not to be genuine. Even the attorney questioning Lewis at the disciplinary hearing stated, "When I look at that entry and I see something on it, that appears to be scratching." Had Lewis intended the entry to seem authentic, he certainly would have taken more care to accurately depict the judge's signature.

{¶ 18} Moreover, Lewis never attempted to file the entry or pass it off as genuine. It was his client who presented it to her probation officer, despite having been told by Lewis that she did not have driving privileges.

{¶ 19} Finally, because the municipal court involved herein routinely grants temporary driving privileges to first-time drunk-driving offenders, Lewis had nothing to gain by forging the entry, but had everything to lose.

{¶ 20} I believe that these facts corroborate Lewis's testimony that signing the entry was only to show his client what an entry granting driving privileges looked like; it was not intended to make anyone believe that the entry was genuine. Thus, while signing the entry for any reason was still an incredibly foolish act and a violation of the Rules of Professional Conduct, I believe that it was not done with the intent to benefit his client or to defraud the judge or the

judicial system. Because of these facts, and because this is Lewis's first disciplinary violation, I would impose a stayed one-year suspension of Lewis's license to practice law. Accordingly, I respectfully dissent.

LANZINGER, J., concurs in the foregoing opinion.

_____

John C. Oberholtzer, John Crilly, and Kelly O'Kell, for relator.

Crabbe, Brown & James, L.L.P., Larry H. James, and Christina L. Corl, for respondent.

_____